## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC EMPLOYEES FOR | ) | |
| ENVIRONMENTAL RESPONSIBILITY, | ) | |
| 962 Wayne Ave, Suite 610 | ) | |
| Silver Spring, MD 20910 | ) | Civil Action No. 18-cv-1720 |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| U.S. CHEMICAL SAFETY AND | ) | |
| HAZARD INVESTIGATION BOARD | ) | |
| 1750 Pennsylvania Ave. NW, Suite 910 | ) | |
| Washington, D.C. 20006 | ) | |
| | ) | |
| *Defendant*. | ) | |

## PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff")

   brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et*

   *seq.*, as amended, to compel the U.S. Chemical Safety and Hazard Investigation Board,

   ("CSB" or "Defendant") to disclose records wrongfully withheld in failing to respond

   within the statutory deadline to Plaintiff's FOIA appeal.

2. Plaintiff is a non-profit organization dedicated to research and public education

   concerning the activities and operations of federal, state, and local governments.

3. In February 2018, an online staff survey concerning employee morale and

   communication was distributed to CSB personnel via surverymonkey.com. This survey

   received 39 responses which included written comments.

4. On March 13, 2018, Plaintiff mailed, e-mailed, and faxed a FOIA request to Defendant. This request sought (1) a copy of any survey, including all questions and accompanying instructions, distributed to CSB personnel concerning internal CSB communications or management conducted since January 1, 2018, including but not limited to a copy of the online surveymonkey.com survey distributed to CSB personnel in February 2018; (2) A copy of the full report to CSB from surveymonkey.com containing anonymous survey responses, including all numerical and narrative responses and comments, provided from the survey(s) conducted under part (1) above; (3) Any tabulation, summary, or analysis of the survey results developed by surveymonkey.com and provided to the CSB; (4) Any summary, report, memorandum, analysis, or recommendations related to or arising from the survey responses and developed by any CSB board member, executive, manager, or contractor and provided to the CSB chairperson or board members; (5) Any communications with any outside contractor concerning any survey described in part (1);  (6) Any communications between the chairperson or board members with any external party concerning any survey described in part (1); and (7) All contracts, including associated task orders, which the CSB has issued since October 1, 2015, related to preparing reports, analyses, recommendations and/or training materials related to CSB management, employee morale, mediation, teambuilding, internal communications, communications training, human resources, facilitation of internal meetings, professional coaching and/or organizational development.

5. On April 10, 2018, CSB responded to PEER's request via letter.  This letter stated that the request (FOIA Request R18-029), as submitted, was assigned to the "complex" queue, that no responsive records existed for request subparts (4) through (6), and that PEER's

request for a fee waiver would be denied due to the request being "not meaningfully

informative about government operations or activities because they concern individual

staff preferences for internal communications methods."

6. On April 12, 2018, Plaintiff sent a letter via email to Defendant narrowing its request and

withdrawing its request for a fee waiver.  The amended request sought: (1) A copy of

any survey, including all questions and accompanying instructions, distributed to U.S.

Chemical Safety and Hazard Investigation Board (CSB) personnel concerning internal

CSB communications or management conducted since January 1, 2018, including but

not limited to a copy of the online surveymonkey.com survey distributed to CSB

personnel in February 2018; (2) A copy of the full report to CSB from

surveymonkey.com containing anonymous survey responses, including all numerical

and narrative responses and comments, provided from the survey(s) conducted under

part (1) above; and (3) Any tabulation, summary, or analysis of the survey results

developed by surveymonkey.com and provided to the CSB.

7. On May 1, 2018, CSB provided twenty-two pages of production to Plaintiff containing

the questions and numerical results to three survey questions, but withheld employee

comments from release, arguing that they were exempt under the deliberative process

privilege of 5 U.S.C. §552(b)(5).

8. On May 21, 2018, Plaintiff submitted an administrative appeal of CSB's partial denial of

its FOIA request R-18-029. In its appeal, Plaintiff alleged (1) that CSB's partial denial

constituted a conclusory assertion as to the nature of the requested documents; (2) that

CSB's failure to identify a related decision rendered Exemption 5 inapplicable to the

withheld documents; (3) that the survey responses concerned intra-agency morale and

communication, not policy, rendering Exemption 5 inapplicable; (4) that the anonymous
nature of the withheld responses obviates any "chilling effect" on CSB staff; (5) that the
withheld responses constitute non-exempt factual statements that CSB failed to segregate
in accordance with 5 U.S.C. § 552(b); and (6) that CSB's partial disclosure is
inconsistent with the purpose of the FOIA.

9. The FOIA requires federal agencies to respond to public requests for records, including
files maintained electronically, to increase public understanding of the workings of
government and to provide access to government information. FOIA reflects a
"profound national commitment to ensuring an open Government" and agencies must
"adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683
(Jan. 21, 2009).

10. The FOIA requires agencies to determine within twenty working days after the receipt
of any FOIA appeal whether to comply with the appeal. 5 U.S.C. § 552(a)(6)(A)(ii).
Agencies may toll this twenty-day time period only in the event that a request for
information or clarification is made. 5 U.S.C. § 552(a)(6)(B)(ii).

11. To date, Defendant has failed to make a determination on the appeal or produce any
records in response to Plaintiff's May 21, 2018, FOIA appeal.

12. Defendant's conduct amounts to a denial of Plaintiff's FOIA appeal. Defendant is
frustrating Plaintiff's efforts to shed light on the concerns and perceptions of CSB staff.

13. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C.
§ 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to
immediately produce the records sought in Plaintiff's FOIA appeal, as well as other
appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

15. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

16. This Court is a proper venue because Defendant is a government agency that resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government or a government agency, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, where the records are located, or in the District of Columbia).

17. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

18. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

19. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.

PEER educates and informs the public through news releases to the media, through its

website, www.peer.org, and through publication of the PEER newsletter.

20. Defendant, CSB, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

21. Defendant is charged with the duty to provide public access to records in its possession

consistent with the requirements of the FOIA. Here, Defendant is denying Plaintiff

access to its records in contravention of federal law.

## STATEMENT OF FACTS

22. Employee morale inside the U.S. Chemical Safety and Hazard Investigation Board

(CSB) has been the subject of Congressional hearings, U.S. Environmental Protection

Agency Office of Inspector General reviews, and media reports.

23. Plaintiff received accounts of a recent CSB-directed internal survey related to employee

morale and communications. On March 13, 2018, as a result of concern about the

perceptions and concerns of CSB staff and the public's interest in the significance and

meaning of the survey's results, Plaintiff requested records of any morale- and

communications- related surveys distributed to CSB employees. Specifically, PEER

requested:

1. *A copy of any survey, including all questions and accompanying instructions,*

*distributed to CSB personnel concerning internal CSB communications or management*

*conducted since January 1, 2018, including but not limited to a copy of the online*

*surveymonkey.com survey distributed to CSB personnel in February 2018;*

2. *A copy of the full report to CSB from surveymonkey.com containing anonymous survey*

*responses, including all numerical and narrative responses and comments, provided*

*from the survey(s) conducted under part (1) above;*

3. *Any tabulation, summary, or analysis of the survey results developed by surveymonkey.com and provided to the CSB;*

4. *Any summary, report, memorandum, analysis, or recommendations related to or arising from the survey responses and developed by any CSB board member, executive, manager, or contractor and provided to the CSB chairperson or board members;*

5. *Any communications with any outside contractor concerning any survey described in part (1);*

6. *Any communications between the chairperson or board members with any external party concerning any survey described in part (1); and*

7. *All contracts, including associated task orders, which the CSB has issued since October 1, 2015, related to preparing reports, analyses, recommendations and/or training materials related to CSB management, employee morale, mediation, teambuilding, internal communications, communications training, human resources, facilitation of internal meetings, professional coaching and/or organizational development.*

In addition to these items, PEER requested both a *Vaughn* index, justifying any claimed exemptions, and a fee waiver.

24. On April 10, 2018, the Acting General Counsel and FOIA Public Liaison at CSB sent PEER an initial response to the March 13, 2018 FOIA request. In this response, CSB stated that the initial FOIA request was placed in a "complex" queue due to "the need for the CSB to search for, collect, and appropriately examine a number of separate and distinct records to identify and process those that would be responsive to your request." Due to this "complex" designation, CSB extended the length of time it would need to satisfy the request.

25. The response letter also informed PEER that its requested fee waiver was denied. According to the letter, the denial was based on the grounds that (1) the requested information was not clearly connected to an identifiable operation of the Federal Government and that (2) the requested records were not meaningfully informative about government activities. Finally, the response stated that Plaintiff could narrow the scope of its request and potentially obtain some records free of charge.

26. On April 12, 2018, PEER notified CSB that it would take advantage of its offer to narrow the request and submitted a revised FOIA request to CSB. In this revised submission, Plaintiff requested documents relating to surveys completed by CSB personnel. Specifically, Plaintiff requested the following:

    1. *A copy of any survey, including all questions and accompanying instructions, distributed to U.S. Chemical Safety and Hazard Investigation Board (CSB) personnel concerning internal CSB communications or management conducted since January 1, 2018, including but not limited to a copy of the online surveymonkey.com survey distributed to CSB personnel in February 2018;*

    2. *A copy of the full report to CSB from surveymonkey.com containing anonymous survey responses, including all numerical and narrative responses and comments, provided from the survey(s) conducted under part (1) above; and*

    3. *Any tabulation, summary, or analysis of the survey results developed by surveymonkey.com and provided to the CSB.*

    PEER also withdrew its request for a fee waiver because the revised request would not require CSB to perform significant further search or review.

27. In a letter dated May 1, 2018, CSB responded by producing some records of the survey
and its responses, with the notable exception of any narrative employee comment
responses. CSB stated that the agency was withholding three records pursuant to 5
U.S.C. 522(b)(5), because those portions of the survey contain internal agency
communications that "were pre-decisional and expressed opinions on ongoing policy
matters."

28. On May 21, 2018, Plaintiff appealed CSB's partial production, and requested the
withheld narrative survey responses. In this appeal, Plaintiff alleged (1) that CSB's denial
constituted a conclusory assertion as to the nature of the requested documents; (2) that
CSB's failure to identify a related decision rendered Exemption 5 inapplicable to the
withheld documents; (3) that the survey responses concerned intra-agency morale and
communication, not policy, rendering Exemption 5 inapplicable; (4) that the anonymous
nature of the withheld responses obviates any "chilling effect" on CSB staff; (5) that the
withheld responses constitute non-exempt factual statements that CSB failed to segregate
in accordance with 5 U.S.C. § 552(b); and (6) that CSB's partial disclosure is
inconsistent with the purpose of FOIA.

29. Pursuant to 5 U.S.C. 552(a)(6)(A)(ii), Defendant had twenty working days from the date
of receipt of PEER's appeal to respond, or to assert the need to extend this time limit due
to unusual circumstances. *See also* 40 C.F.R. § 1601.20. The FOIA also provides that
upon request, agencies are to make records "promptly available."  5 U.S.C. §
552(a)(3)(A).

30. Twenty working days from May 21, 2018 (the date that Plaintiff's appeal was sent) was
June 18, 2018. As of this July 24, 2018 filing, Plaintiff has not received an

acknowledgement of the May 21, 2018 FOIA appeal, a determination on that appeal, or any responsive records.

31. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its May 21, 2018 FOIA appeal, PEER now turns to this Court to enforce the FOIA's guarantee of public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

32. Plaintiff incorporates the allegations in the preceding paragraphs.

33. Defendant's failure to make a determination on Plaintiff's FOIA appeal or disclose the records requested within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the Chemical Safety Board regulations promulgated thereunder, 40 C.F.R. § 1601 *et. seq.*

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i.   Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii.  Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

iv.  Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.   Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on July 24, 2018,

    /s/   Paula Dinerstein

Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
acarlesco@peer.org

*Counsel for Plaintiff*