**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY,<br><br>      *Plaintiff*,<br><br>v.<br><br>U.S. CHEMICAL SAFETY AND HAZARD INVESTIGATION BOARD<br><br>      *Defendant*. | Civ. A. No. 18-1720 (APM) |

## ANSWER TO AMENDED COMPLAINT

The United States Chemical Safety and Hazard Investigation Board ("CSB"), by and through its undersigned counsel, hereby answers the Amended Complaint of Public Employees for Environmental Responsibility ("PEER" "Plaintiff") as follows:

1. This paragraph contains Plaintiff's characterization of its action to which no answer is required, but insofar as it alleges that records were wrongfully withheld, denied.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

3. Defendant admits that on February 9, 2018, a CSB employee, in his capacity as Chair of the CSB's Workplace Improvement Committee ("WIC"), sent an email to CSB employees requesting that employees complete a survey. The email contained a link to www.surveymonkey.com. Defendant also admits that the Chair of the WIC later reported that "39 people took the survey." Defendant respectfully refers the Court to the cited documents as best evidence of their contents.

4. Defendant admits that Plaintiff submitted a FOIA request for seven categories of documents on March 13, 2018. Defendant respectfully refers the Court to the cited documents as best evidence of its content.

5. Defendant admits that it provided an initial response to Plaintiff's FOIA request on April 10, 2018. Defendant further admits that the request was assigned number 18-029, and assigned to its complex queue for further processing. Defendant further admits that the response letter stated that Defendant did not have responsive records for three categories of records contained in Plaintiff's request- categories 4, 5, and 6 and that Plaintiff's request for a waiver of all fees was denied. Defendant respectfully refers the Court to the cited document as the best evidence of its contents.

6. Defendant admits that Plaintiff sent Defendant a letter dated April 12, 2018, regarding request 18-029. Defendant admits that Plaintiff's letter narrowed the scope of the original request and also withdrew Plaintiff's request for a fee waiver. Defendant respectfully refers the Court to the cited document as the best evidence of its contents.

7. Defendant admits that on May 1, 2018, it sent a letter to Plaintiff which constituted its final response to Plaintiff's narrowed FOIA request of April 12, 2018. Defendant further admits that it produced twenty two pages in response to Plaintiff's request for three categories of information related to the survey distributed on February 9, 2018. Defendant further admits that it withheld approximately 3.5 pages of responsive information on the basis of FOIA Exemption 5, 5 U.S.C. § 552(b)(5). Defendant respectfully refers the Court to the cited document as the best evidence of its contents.

***

8. Defendant admits that on May 1, 2018, Plaintiff submitted an administrative appeal of Defendant's final response to Plaintiff's FOIA request 18-029. As to Plaintiff's written reasons for appeal, Defendant respectfully refers the Court to the cited document as the best evidence of its contents.

9. This paragraph consists of a restatement of law and a quote from a Presidential Memorandum to which no answer is required.

10. This paragraph contains conclusions of law to which no answer is required.

11. This paragraph contains two distinct averments. The first is a conclusion of law to which no answer is required, but insofar as one is deemed required, denied. Defendant admits that it did not produce additional documents in response to Plaintiff's appeal. Defendant respectfully refers the Court to Defendant's appeal determination as best evidence of its contents.

12. Denied.

13. This paragraph contains conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

## JURISDICTION AND VENUE

14.-17. These paragraphs contain conclusions of law to which no answer is required, but insofar as one is deemed required, denied, except to admit that venue will exist in this district for a proper Freedom of Information Act action.

## PARTIES

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. Defendant admits that it is a federal agency. Plaintiff's averment that Defendant is an agency under 5 U.S.C. § 552(f)(1) is a conclusion of law to which no answer is required.

21. This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

## PLAINTIFF'S ALLEGATIONS

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Defendant's assertions in this paragraph are too vague.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the first sentence in this paragraph. Defendant admits that Plaintiff submitted a FOIA request on March 13, 2018, but lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning its motivation for making the request. As to the specifics of that request, Defendant respectfully refers the Court to the cited document as the best evidence of its contents.

24. Defendant admits the first sentence of this paragraph. As to the remainder of this paragraph, Defendant respectfully refers the Court to the cited document as the best evidence of its contents.

25. Defendant admits that its initial response letter denied Plaintiff's request for a fee waiver. As to the reasons for the denial, Defendant refers the Court to the cited document as the best evidence of its contents.

26. Defendant admits that Plaintiff sent Defendant a letter dated April 12, 2018, regarding request 18-029. Defendant admits that Plaintiff's letter narrowed the scope of the original request and also withdrew Plaintiff's request for a fee waiver. As to the contents of the letter, Defendant respectfully refers the Court to the cited document as the best evidence of its

contents. As to Plaintiff's reasons for withdrawing its request for a fee waiver, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the Plaintiff's stated rationale for withdrawing its request for a fee waiver.

27. Defendant admits that on May 1, 2018, it sent a letter to Plaintiff which constituted its final response to Plaintiff's narrowed FOIA request of April 12, 2018. (Defendant further admits that it produced twenty two pages in response to Plaintiff's request for three categories of information related to the survey distributed on February 9, 2018. Defendant further admits that it withheld approximately 3.5 pages of responsive information on the basis of FOIA Exemption 5, 5 U.S.C. § 552(b)(5). Defendant denies that it withheld "three records" as Plaintiff alleges. Defendant respectfully refers the Court to the cited documents as the best evidence of their contents.

28. Defendant admits that on May 1, 2018, Plaintiff submitted an administrative appeal of Defendant's final response to Plaintiff's FOIA request 18-029. The remainder of this paragraph contains Plaintiff's characterization of its appeal. These statements do not require an answer, but insofar as an answer is deemed required, Defendant denies these statements. Defendant respectfully refers the Court to the cited document as the best evidence of its contents.

29. This paragraph states a conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph

**POST-FILING RESPONSE FROM CSB**

31. Admitted. Defendant respectfully refers the Court to the cited documents as best evidence of their contents.

32. Defendant admits the first sentence of this paragraph. As to the remaining sentences of this paragraph, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

33. Admitted. Defendant respectfully refers the Court to the cited document as the best evidence of its contents.

34. This paragraph contains Plaintiff's characterization of its action to which no answer is required, but insofar as one is deemed required, denied.

35. This paragraph is a partial characterization of Defendant's appeal decision to which no answer is required. Defendant respectfully refers the Court to the cited document as the best evidence of its contents.

36. The first sentence of this paragraph is a Plaintiff's characterization of Defendant's appeal determination, to which no response is required. The second sentence of paragraph 36 contains a conclusion of law to which no response is required.

37.-39. The averments in paragraphs 37-39 constitute Plaintiff's legal argument and characterization of portions of exhibits, rather than facts to which a response is required. To the extent that a response may be deemed required, Defendant denies that Plaintiff has adequately summarized the documents or characterized the law, and Defendant respectfully refers the Court to the referenced materials as the best evidence of their contents.

40. The averments in paragraph 40 constitute Plaintiff's legal argument concerning Plaintiff's appeal determination to which no response is required. Insofar as a response is

required, the Defendant denies the allegations in paragraph 40. Defendant respectfully refers the Court to its appeal determination as the best evidence of the contents of the appeal determination.

41. This paragraph contains conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

42. Denied.

## CAUSE OF ACTION

43. Defendant incorporates its responses to paragraphs 1 to 42 as if set forth fully herein.

44. This paragraph contains conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

\*\*\*

The remaining paragraphs set forth Plaintiff's prayer for relief to which no answer is required, but insofar as an answer is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant hereby denies all allegations in Plaintiff's Amended Complaint not expressly admitted or qualified herein.

## **DEFENSE**

The information that Defendants have withheld in response to Plaintiff's FOIA Requests is permitted under the FOIA. *See* 5 U.S.C. § 552(b).

        Respectfully submitted,

        JESSIE K. LIU, DC Bar #472845
        United States Attorney

        DANIEL F. VAN HORN, DC Bar #924092
        Chief, Civil Division

By:_____/s/
        W. MARK NEBEKER, DC Bar #396739
        Assistant United States Attorney
        555 4th Street, N.W.
        Washington, DC  20530
        (202) 252-2536
        mark.nebeker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Answer has been made through the Court's electronic transmission facilities on this 9th day of October, 2018.

_____/s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 252-2536
